UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | 8:14-cv-00074-JLS<br>8:13-cv-01954-JLS | Date | December 2, 2016 |
|---|---|---|---|
| Title | IN RE NAZIE AZAM | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Appellant Nazie Azam's Motion to Disqualify Judge Staton (No. 8:14-cv-00074-JLS, dkt. 20, filed on November 18, 2016)

Appellant Nazie Azam's Motion to Disqualify Judge Staton (No. 8:13-cv-01954-JLS, dkt. 15, filed on November 18, 2016)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of December 23, 2016 is vacated, and the matters are hereby taken under submission.

## I.   INTRODUCTION

On November 18, 2016, Nazie Azam filed a "Motion to Vacate, for Disqualification and Intercircuit Assignment, and for Other Relief." In Re Nazie Azam, No. 8:14-cv-00074-JLS, dkt. 20 ("Case 1 Mtn."). The motion, among other things, seeks disqualification of Judge Josephine L. Staton, the District Court Judge assigned to the instant cases.  Azam moves for recusal under 28 U.S.C. § 455 and the Fourteenth Amendment to the U.S. Constitution.

Also on November 18, 2016, Azam filed an identical motion in the matter of In Re Nazie Azam, No. 8:13-cv-01954-JLS, dkt. 15 ("Case 2 Mtn.").  Both cases before Judge Staton arise from Azam's appeals of orders issued by the U.S. Bankruptcy Court for the Central District of California in relation to Azam's Chapter 13 bankruptcy petition.

Azam has provided a voluminous record and the allegations in the related cases are lengthy.  To the extent that specific arguments are not discussed in more detail, the Court found such discussion unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 8:14-cv-00074-JLS<br>8:13-cv-01954-JLS | Date | December 2, 2016 |
|---|---|---|---|
| Title | IN RE NAZIE AZAM | | |

## II.    DISCUSSION

Azam has contested the foreclosure on her residential property at 18 Dorchester Green, Laguna Niguel, California in state court, in multiple federal actions, and in bankruptcy court.  Over the course of this litigation, Azam has filed several motions to disqualify Judge Staton in the related cases.  Indeed, in a prior motion to disqualify Judge Staton, the court noted:

> This is not the only case Azam and [her counsel] Ringgold have filed seeking relief from the foreclosure on Azam's home in Laguna Niguel.  (See, e.g., SACV 15-1786 CJC (DFMx); SACV 15-1786 CJC (DFMx); SACV 15-0017 AG (DFMx).)  Nor is this Motion their first motion to disqualify [] the judge assigned to those cases.  (See SACV 15-1786 CJC (DFMx), Dkt. No. 21 (Motion to Disqualify Judge Cormac J. Carney); SACV 12-1732 JLS (MLGx), Dkt. No. 63 (Motion to Disqualify Judge Staton); SACV 15-0017 AG (DFMx), Dkt. Nos. 145, 147 (Motion to Disqualify Judge Andrew J. Guilford).)  Indeed, this pending Motion requesting disqualification is not even Azam and Ringgold's first motion to disqualify Judge Staton in this case. (Dkt. No. 22 (Motion to Disqualify Judge Staton).).

Nazie Azam v. FDIC et al., No. 15-3930-JLS-AS (C.D. Cal. May 31, 2016) dkt. 94 at 2 ("Judge Guilford's Order").

In the instant motions, Azam seeks to disqualify Judge Staton because "Judge Staton has direct general and financial interests in the case and related cases."  Case 1 Mtn. at 1; Case 2 Mtn. at 1.  Azam argues that Judge Staton's bias "stems from extra judicial sources outside the case" and that Judge Staton has a "financial interest the class action of which appellant is a party."  Case 1 Mtn. at 4; Case 2 Mtn. at 4.  In addition, Azam contends that Judge Staton disqualified herself because "she was sitting as both a court of review when she rendered decisions as a trier of fact in the underlying cases."  Case 1 Mtn. at 3; Case 2 Mtn. at 3.  Azam also states: "Given the fact the majority of the district court judges in this court have the same disqualifying interest the case should be assigned under the procedures of 28 U.S.C. Sec. 292 (d)."  Case 1 Mtn. at 4; Case 2 Mtn. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:14-cv-00074-JLS<br>8:13-cv-01954-JLS | Date | December 2, 2016 |
|---|---|---|---|
| Title | IN RE NAZIE AZAM | | |

Azam's vague allegations appear to refer to an argument that Azam has made in prior motions to disqualify Judge Staton. For example, in a prior order on a similar disqualification motion, the court explained:

> The claimed basis for disqualification [was] Judge Staton's previous service as a judge on the Superior Court of Orange County. The motion claims that Superior Court judges in Orange County receive supplemental compensation from the county, which Judge Staton has received and may continue to receive. This allegedly gives Judge Staton a financial interest in another case that Plaintiff's counsel filed in which Azam is a member of the putative class. The case is Law Offices of Nina Ringgold and All Current Clients Thereof v. Jerry Brown et al., 12-cv-717 (E.D. Cal.). Azam refers to this as the "VRA Case."

Nazie Azam v. Bank of America, N.A. et al., No. 8:12-cv-01732-JLS-MLG (C.D. Cal. June 19, 2014) dkt. 74 at 2 ("Judge Carter's Order"). Three judges have determined that Ringgold (or the VRA Case) is entirely unrelated to Azam's foreclosure disputes and to Judge Staton's adjudication of Azam's appeals from bankruptcy court orders. See, e.g., id. at 6 ("[E]ven if the Court were to credit Azam's allegations and to presume that Judge Staton had some form of 'interest' in the determination of the VRA Case allegations, there is no actual connection between those allegations and any of the cases Judge Staton has resolved. Nor is there any connection to the instant case."); Nazie Azam v. FDIC et al., No. 15-3930-JLS-AS (C.D. Cal. Nov. 16, 2105) dkt. 32 at 3 ("Judge Selna's Order") ("[T]here is no substantive relationship between the present action and Ringgold."); Judge Guilford's Order at 4 (approving of Judge Selna's finding that Azam's arguments for disqualification were without merit).

The Court agrees with a prior order addressing Azam's recurring motions for disqualification and characterizes Azam's pending requests as motions for reconsideration, as they raise the same arguments previously raised in earlier motions to disqualify Judge Staton. See Judge Guilford's Order at 3. Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. Rule 7-18 provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 8:14-cv-00074-JLS<br>8:13-cv-01954-JLS | Date | December 2, 2016 |
|---|---|---|---|
| Title | IN RE NAZIE AZAM | | |

presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18. The Court concludes that Azam has failed to assert any new grounds for the disqualification of Judge Staton. As a result, Azam has failed to convince the Court that it should reconsider Judge Selna, Judge Carter, and Judge Guilford's determinations that Judge Staton is *not* disqualified from hearing matters related to Azam, the foreclosed property, and Azam's bankruptcy. The Court therefore **DENIES** Azam's motions for the disqualification of Judge Staton.

Azam also seeks an "intercircuit assignment" of her bankruptcy appeals before Judge Staton, pursuant to 28 U.S.C. § 292(d). Case 1 Mtn. at 4; Case 2 Mtn. at 4. That provision of the U.S. Code relates to the Chief Justice's temporary assignment of district judges when "the need arises." See 28 U.S.C. § 292(d). The provision does not allow a party to request that a judge in another circuit determine a disqualification motion. Nor does it give this Court the authority to assign the disqualification motion to another judge on its own. The Court therefore **DENIES** Azam's request for intercircuit assignment.

### III.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Azam's requests for disqualification and intercircuit assignment. To the extent that the motions raise issues unrelated to disqualification and intercircuit assignment, the Court declines to determine the merits of those issues. Azam is admonished not to bring further motions seeking reconsideration of the court's prior orders. In the event Azam persists in bringing these motions, the Court will entertain requests for sanctions and other non-monetary relief.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |